UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ESTHER SALAS
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

January 30, 2018

# LETTER ORDER

**Re:** *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 73.197.106.118, et al.*
**Civil Action No. 17-1315 (ES) (JAD)**

Dear Counsel:

On November 15, 2017, the Clerk of Court entered default against Defendant Carl Cabalbag ("Cabalbag"). On November 20, 2017, the Court issued a Letter Order setting forth the various factors that Plaintiff must address in support of any motion for default judgment. (*See* D.E. No. 15). On December 18, 2017, Plaintiff moved for default judgment. (D.E. No. 16).

"Before a court can enter default judgment against a defendant, it must find that process was properly served on the defendant." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (citing *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985)).[1]

Here, on September 18, 2017, Plaintiff filed an amended complaint against Cabalbag. (D.E. No. 10). In the amended complaint, Cabalbag's address is provided as: "384 New Brunswick Avenue, East Brunswick, NJ 08816." (*Id.* ¶ 9). Indeed, Plaintiff's default-judgment motion was served at this address (*see* D.E. No. 16-2 at 17), and its proposed order for default judgment and permanent injunction states that Cabalbag's address is "384 New Brunswick Avenue, East Brunswick, NJ 08816" (*see* D.E. No. 16-6 ¶ 2).

But the proof of service filed with the Court—which Plaintiff relies upon in support of its default-judgment motion (*see* D.E. No. 16-2 at 2)—states that the summons, the amended complaint, and accompanying exhibits were served on: "CARL CABALBAG at 385 NEW BRUNSWICK AVE.[,] *NEW BRUNSWICK*, NJ 08816." (D.E. No. 13 (emphasis added)).

---

[1] *See also United States v. One Toshiba Color Television*, 213 F.3d 147, 156 (3d Cir. 2000) ("As a general matter, we have held that the entry of a default judgment without proper service of a complaint renders that judgment void."); *Khater v. Puzino Dairy, Inc.*, No. 14-4618, 2015 WL 4773125, at *3 (D.N.J. Aug. 12, 2015) (stating that "entry of default judgment is a sanction of last resort" and "determining proper service is a threshold issue") (internal quotation marks and citation omitted).

1

Given this discrepancy, the Court DENIES *without prejudice* Plaintiff's motion for default judgment. *See Callan v. Patel*, No. 15-2357, 2017 WL 4310071, at *4 (M.D. Pa. Sept. 28, 2017) ("[D]efects in the service of process render service improper. . . . The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made.") (internal quotation marks and citations omitted); *see also Reddy v. MedQuist, Inc.*, No. 06-4410, 2009 WL 2413673, at *2 (D.N.J. Aug. 4, 2009) ("The Court may *sua sponte* raise the issue of improper service of process.") (citations omitted).

Further, the Court vacates the November 15, 2017 entry of default. *See, e.g.*, *Nyholm v. Pryce*, 259 F.R.D. 101, 104-06 (D.N.J. 2009) (finding defect in service and concluding that "Plaintiff's motion for default judgment is denied as to [certain defendants] and the clerk's entry of default will be vacated as to those individual defendants").

The Clerk of Court is respectfully requested to VACATE entry of default against Defendant Carl Cabalbag and TERMINATE Docket Entry No. 16.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**